UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNA HUTNIKOVA, individually and on behalf of all others similarly situated, | Index No. |
| Plaintiff, | **COMPLAINT** |
| - against – | |
| CARING PROFESSIONALS, INC. | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| Defendant. | |

Plaintiff ANNA HUTNIKOVA, by and through her attorneys, on behalf of herself and all others similarly situated, alleges, upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action, on behalf of herself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for herself and similarly situated employees, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiff also brings this action, on behalf of herself and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiff seeks, for herself and all other similarly situated employees, unpaid overtime wages, statutory

damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendant may be found in this District.

## PARTIES

6.      Plaintiff ANNA HUTNIKOVA ("Plaintiff") resides in the County of Kings in the State of New York.  At all relevant times, Plaintiff was employed by Defendant as home health aide and/or home attended ("home health aide"), as described herein, from in or around September 22, 2005 until in or around December 29, 2015.

7.      Plaintiff's written consent to sue is attached hereto as Exhibit "A".

8.      Defendant CARING PROFESSIONALS, INC. ("Defendant") is a New York State domestic corporations licensed to do business in the State of New York, with an office and place of business at 70-20 Austin Street, Ste. 135, Forest Hills, NY 11375.

9.      Defendant grosses more than $500,000.00.

10.     At all relevant times, Defendant has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL.  At all relevant times, Defendant employed "employee[s]", including Plaintiff, each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

11.     Defendant provides home health care to individuals who live in New York City.

12.     At all times relevant hereto, Defendant employed Plaintiff as a non-exempt home health aide.

13.     At all times relevant hereto, Defendant employed the FLSA Collective Plaintiffs and the Class Members as non-exempt home health aides.

14.     At all relevant times, from in or around January 1st 2015 until in or around October, 2015, Defendant scheduled Plaintiff to work – and Plaintiff worked- four (4), twenty-four (24) hour shifts per work week.

15.     Accounting for sleep and meal time, Defendant paid Plaintiff for 13 work hours per day.

16.     Thus, Plaintiff worked at least 52 hours per work week.

17.     Defendant paid Plaintiff $12 per hour worked up to forty (40) work hours per week and $13.125 for hours worked in excess of forty (40) work hours per week, which is below the overtime rate of one and one-half times the regular hourly rate as required by law for all hours worked in excess of forty (40) hours per week.

18.     Defendant scheduled the FLSA Collective Plaintiffs and the Class Members to work over 40 hours a work week.

19.     Plaintiff, the FLSA Collective Plaintiffs, and the Class Members regularly worked in excess of forty (40) hours a work week.

20.     Defendant did not pay Plaintiff and the FLSA Collective Plaintiffs overtime premiums as required by the FLSA.

21.     Defendant failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of forty (40) hours per week.

22.     Defendant violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with an accurate statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

23.     Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendant were not paid overtime premiums for all hours worked in excess of forty (40) hours in a week.  Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

24.     Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendant as a Home

4

Health Aide from January 1, 2015 through and including October, 2015. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

26.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

27.     Other home health aides currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt home health aides to receive notice of the action and allow them to opt in to such an action if they so choose.

28.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

29.     Plaintiff brings the Second and Third Claims for Relief pursuant to CPLR Article 9, to recover unpaid overtime pay and other damages on behalf of all individuals

5

employed in the State of New York by Defendant as home health aides, from January 1, 2015 through and including October, 2015 (the "Class Period"). All said persons, including Plaintiff, are referred to as the "Class Members" and/or the "Class".

30.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendant.  The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendant's records.   Notice can be provided by means permissible under CPLR Article 9.

31.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the precise number of such persons is unknown to Plaintiff and is presently within the sole control of Defendant, Plaintiff believe that through discovery they will obtain evidence to establish that there are at least forty members of the Class.

32.     Plaintiff's claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendant, in that they were not compensated for (i) overtime hours worked as required by 12 N.Y.C.R.R. § 142-2.2; and (ii) failed to provide them with proper wage statements as required by NYLL § 195.  Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

33.     Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures caused by Defendant violations of the NYLL.

34.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff has retained Naydenskiy Law Group, P.C., an experienced employment and class and collective action litigation firm.

35.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class

Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36.    Upon information and belief, employees of the Defendant are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

37.    The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendant failed to adequately compensate the Class Members for overtime hours worked as required by 12 NYCRR § 142-2.2, and (b) whether Defendant provided Class Members with sufficiently detailed wage statements as required by NYLL § 195(3).

38.    Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the NYLL.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

39.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

40.     At all relevant times, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

41.     At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

42.     Plaintiff, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of**
**Herself and the Class Members)**

43.     Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

44.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

45.     Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members the required overtime rates for hours worked in excess of forty (40) hours per workweek.

46.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

47.     Plaintiff and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Herself and the Class Members)

48.     Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

49.     Defendant willfully failed to supply each Plaintiff and the Class Members with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

50.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendant, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, pray for relief as follows:

(a)     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)     Certification of this action as a class action;

(c)     Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representatives of the Class;

(d)     An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendant;

(e)     Costs of action incurred herein, including expert fees;

(f)     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g)     Pre-Judgment and post-judgment interest, as provided by law; and

(h)     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: December 13th, 2016

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

Gennadiy Naydenskiy (GN5601)

11

1517 Voorhies Ave, 2nd fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiffs, Proposed Collective
Action Plaintiffs and Proposed Class
Members*

# EXHIBIT A

I am a current or former employee of Caring Professionals, Inc. and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _30_ day of ___11___ , 2016.

_____
Signature

_____
Full Legal Name (print)