

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (631) 247-4661
MY EMAIL ADDRESS IS: TRIPPN@JACKSONLEWIS.COM

January 31, 2017

**VIA ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:  *Anna Hutnikova v. Caring Professionals, Inc.*
            Case No.: 16-cv-06913

Dear Judge Chen:

     As counsel for Defendant Caring Professionals, Inc. we write pursuant to Rule 3(A) of Your Honor's Individual Rules of Practice to request a pre-motion conference and authorization to move for dismissal of Plaintiff's Complaint. Plaintiff's class and collective action allegations must be dismissed pursuant to the "first filed rule," because there is a pending action seeking to bring the same claims on behalf of the same putative group of workers. Her individual claims should be dismissed or stayed pending arbitration.

   A.  **Background**

     Plaintiff's Complaint was filed on December 14, 2016 alleging that she and other home health aides employed by Defendant were improperly denied overtime under the Fair Labor Standards Act (FLSA). DKT 1 ¶¶ 11-21.[1] She seeks to represent "all persons employed by Defendant as a Home Health Aide from January 1, 2015 through and including, October, 2015." *Id.* ¶ 25. Prior to the filing of the instant action, Defendant was sued under the FLSA in this District by another Plaintiff seeking similar relief. *See Bikhman, et al. v. Caring Professionals, Inc.*, E.D.N.Y. Case No. 16-cv-06203 (November 8, 2016).[2] Plaintiff Bikhman's Complaint is brought

---

[1] This lawsuit stems from a change made to a Department of Labor regulation that was initially held invalid by a D.C. district court, but later reversed by the D.C. Court. The Second Circuit has not addressed the validity of the regulation. The regulation addresses the applicability of an exception from overtime for home care workers employed by third parties.

[2] A third action against Defendant asserting New York Labor Law claims on behalf of home health workers recently was filed, as well. *Konstantynovska, et al. v. Caring Professionals, Inc.*, New York County Supreme Court Case No. 159883/2016 (November 23, 2016).



on behalf "of all other similarly situated persons who were/are employed by Defendants as home health aide workers and home attendants." *Id.* ¶ 2.

On December 13, 2016, Defendant and the union representing Defendant's home health aides, Local 713 I.B.O.T.U. ("Local 713"), entered into a Collective Bargaining Agreement Modification requiring that all FLSA and other wage claims be subject to a mandatory Alternative Dispute Resolution process, culminating (if necessary), in individual arbitration.

### B. Plaintiff's Collective and Class Action Claims Must Be Dismissed Pursuant to the "First Filed" Rule Based On the Pendency of the *Bikhman* Action

Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. The rule rests on principles of comity and sound judicial administration. The rule avoids wasting judicial resources and avoiding inconsistent rulings, and avoiding piecemeal resolution of issues that call for a uniform result. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The focal inquiry is whether there is "substantial overlap" between the two cases. *See Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

"The first-to-file rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations. It is not surprising that federal courts consistently apply the first-to-file rule to overlapping wage and hour collective actions." *Ortiz v. Panera Bread Co.*, 2011 U.S. Dist. LEXIS 85463, at *4-5 (E.D. Va. Aug. 2, 2011) (dismissing plaintiffs' individual and collective claims due to first-filed putative collective action); *McLeod v. Just Energy Mktg. Corp.*, 2015 U.S. Dist. LEXIS 82685, at *12-13 (N.D. Ohio June 25, 2015) ("[T]his rule grows out of the Court's inherent ability to conserve judicial resources and promote the disposition of cases. This also promotes fairness to defendants, who should not have to litigate multiple collective actions regarding substantially the same conduct at the same time."). This analysis applies here, as *Hutnikova's* FLSA (and state law) claims seek relief on behalf of a putative group completely subsumed by the putative collective and class allegations already asserted in *Bikhman*. *Bikhman* is the first-filed action, and Plaintiff's claims on behalf of others must be dismissed.

### C. Plaintiff's Individual Claims Must Be Dismissed, or Stayed, In Favor of Arbitration

Caring Professionals and Local 713 collectively bargained for the mandatory alternative dispute resolution procedure (with the contract arbitrator, Ralph S. Berger, to preside over any and all claims) to ensure a fundamental tenet of a unionized workplace: "industrial peace" (i.e., that the parties' CBA would be interpreted and administered uniformly, including with respect to wage claims). "Courts generally may not interfere with this bargained-for exchange." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 256-64 (2009) (where union agreed that individual employment discrimination claims, including claims brought under the Age Discrimination in


Attorneys at Law

The Honorable Pamela K. Chen
USDC/EDNY
January 31, 2017
Page 3

Employment Act, must be submitted to arbitration, the union had acted within its authority to negotiate that term, and indicating that an agreement to arbitrate other statutory claims such as minimum wage claims would require arbitration even where the standard contract-based grievance procedure in the collective bargaining agreement would not). This Court, in accordance with this Supreme Court precedent, has upheld agreements to arbitrate putative class and collective action claims contained in collective bargaining agreements and compelled arbitration. *See Alfonso v. Maggies Paratransit Corp.*, 2016 U.S. Dist. LEXIS 112708 (E.D.N.Y. Aug. 23, 2016).[3]

\* \* \* \* \* \* \* \*

For all of the stated reasons, Defendant seeks this Court's permission to move to dismiss Plaintiff's claims in their entirety.

Respectfully submitted,

JACKSON LEWIS P.C.

Noel P. Tripp

NPT:dc
cc: All counsel of record, *VIA ECF*

4830-5402-3489, v. 1

---

[3] Should this Court decline to compel arbitration (which it should not do), Defendant reserves the right to seek to consolidate this action with the *Bikhman* action, as appropriate, and/or to move for dismissal of one or more causes of action for failure to state a claim. By way of example only, as noted above, Plaintiff appears to allege that she and others were misclassified as overtime-exempt "companions" between January 1 and October 12, 2015 based on the D.C. Circuit's decision in *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084, at 1090 (D.C. Cir. 2015)(upholding DOL regulations modifying the exemption to exclude agency-employed companions from the exemption). DKT 1 ¶¶ 14, 25. The *Weil* decision is not retroactive, and this claim is subject to dismissal. *Bangoy v. Total Homecare Solutions, LLC*, 2015 U.S. Dist. LEXIS 177859 (S.D. Ohio Dec. 21, 2015); *Sanchez v. Caregivers Staffing Servs.*, 2017 U.S. Dist. LEXIS 11259 (E.D. Va. Jan. 26, 2017)(new rule was a "legal nullity" during the period of vacatur).