# NAYDENSKIY LAW GROUP, P.C.
### 1517 Voorhies Ave, 2ⁿᵈ Fl, Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224

**VIA ECF**

May 15, 2017

**Honorable Judge Pamela K. Chen**
**United States District Court, EDNY**
**225 Cadman Plaza East, Brooklyn, NY 11201**

**Re: *Hutnikova v. Caring Professionals, Inc. 16-cv-6913 (PKC) (ST)***

**Dear Honorable Judge Chen:**

We represent the Plaintiff in this wage and hour action brought pursuant to 29 U.S.C. §206. Plaintiff's counsel opposes Defendant's request to move to compel arbitration.

It is Plaintiff's position that the Court did not rule on Defendant's request to file a motion to compel arbitration[1] at the March 16, 2017 conference. Additionally, Plaintiff contends that Defendant's motion will inevitably fail because Plaintiff was not an employee when the Defendant and Union agreed to amend the collective bargaining agreement on December 13, 2016- almost a year after Plaintiff's termination.

" [A] party seeking to invoke FAA… must make a prima facie initial showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration…". Hines v. Overstock.com, Inc., 380 F. App'x 22, 24 (2d Cir. 2010). Accordingly, Defendant does not cite any case law that would bind Plaintiff to a collective bargaining agreement entered into by Defendant and the union at a later period in time- after Plaintiff's employment has been terminated.

Moreover, in *Chu v. Chinese-Am. Planning Council Home Attendant Program, Inc.*, 194 F. Supp. 3d 221, 228 (S.D.N.Y. 2016) Judge Forrest recently decided:

"Regardless of the purported retroactivity of the 2015 MOA, and 1199's authority to bargain on behalf of then-current employees, plaintiffs may not be bound by subsequently adopted amendments to a collective bargaining agreement to which they were not parties. iPayment, Inc. v. 1st Americard, Inc., No. 15 Civ. 1904, 2016 WL 1544736, at *3 (S.D.N.Y. Mar. 25, 2016) ("Because the obligation to arbitrate is created by contract, 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' " (quoting United Steelworkers

---

[1] During the March 16, 2017 conference the Court mostly considered whether this case should be consolidated with an earlier filed case (*Bikhman v. Caring Professionals, Inc. 16-cv-6203*) which is now settled; thus, mooting the consolidation motion.

of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960))); see also Allied Chem. & Alkali Workers of Am., Local Union No. 1 v. Pittsburgh Plate Glass Co., Chem. Div., 404 U.S. 157, 172, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971); Meza v. Gen. Battery Corp., 908 F.2d 1262, 1271 (5th Cir.1990) ("Absent some evidence that past members expressly or impliedly authorized the union to proceed in their behalf, there can be no presumption that the Union had authority to act in a representative capacity."). Nor may plaintiffs be bound by the subsequently executed side letter, dated April 26, 2016 (see Kirschner Aff., Ex. 4), further modifying the CBA. Accordingly, the most recent agreement governing the parties' employment relationship during at least some of the relevant period is the 2014 MOA".

Therefore, for the foregoing reasons, Defendants filing of a motion to compel arbitration should be denied.

We thank the Court for its attention to this matter.

NAYDENSKIY LAW GROUP, P.C.

_____s/_____
Gennadiy Naydenskiy (GN5601)
1517 Voorhies Ave, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff, Proposed*
*Collective Action Plaintiffs and*
*Proposed Class Members*