# *NAYDENSKIY LAW GROUP, P.C.*

*1517 Voorhies Ave, 2nd Fl., Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224*

**VIA ECF**

August 8, 2017

**Honorable Judge Pamela K. Chen**
**United States District Court, EDNY**
**225 Cadman Plaza East, Brooklyn, NY 11201**

**Re***: Hutnikova v. Caring Professionals, Inc. 16-cv-6913 (PKC) (ST)*

### MOTION FOR SETTLEMENT APPROVAL

Dear Honorable Judge Chen,

We represent Plaintiff Anna Hutnikova ("Plaintiff") in the above-referenced action. We write to respectfully request judicial approval of the parties' proposed settlement agreement, attached hereto as Exhibit "A". The agreement provides payment of twenty-seven thousand five hundred dollars ($27,500.00), inclusive of attorneys' fees and costs. For the reasons outlined below, Plaintiff submits that the Court's approval is warranted.

## BACKGROUND

Plaintiff filed a Complaint on December 14, 2016 asserting that Defendant violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay her overtime pay for all hours worked in excess of 40 hours per week. Subsequently, Defendant requested a pre-motion schedule for an anticipated motion to dismiss Plaintiff's claims in favor of arbitration under the collective bargaining agreement (*see generally* Dkt. 7; Transcript of March 16, 2017 conference). Thereafter, after extensive negotiations, the parties reached a settlement.

## CLAIMS AND DEFENSES

Plaintiff, a former home health aide (HHA), alleges she was paid an incorrect overtime rate for the time period of January 1, 2015 through October 2015 based on her position that the Department of Labor's final rule narrowing the companionship exemption applies retroactively.[1] Additionally, Plaintiff had the option of amending her complaint to include allegations of non-

---

[1] Defendant disputes this position.  *Compare* Sanchez v. Caregivers Staffing Servs., Inc., No. 15-1579, 2015 WL 380912, at *3 (E.D. Va. Jan. 26, 2017) *with Kinkead v.Humana, Inc.*, -- F. Supp. 3d -- , 2016 WL 3950737 (D. Conn. July 19, 2016).

payment or underpayment of 11 hours per work day for so-called "live-in" shifts worked as an HHA.[2]

Defendant produced a spreadsheet to Plaintiff's counsel detailing Defendant's liability in the event Plaintiff amends her complaint to include allegations of non-payment of 11 overtime hours worked per day pre-January 2015 and wins all her claims- Plaintiff would be owed $31,490.37 in wages. Thus, the settlement provides Plaintiff with a recovery of approximately 90% of wages owed based on the most aggressive theories Plaintiff could pursue[3].

Defendant, however, will argue that 1) Plaintiff's claims are not subject to the FLSA prior to October 13, 2015 or January 1, 2015- the exact date is currently being litigated in several District Courts including the Eastern District of New York, 2) Plaintiff is not entitled to additional payment for sleep/break time on "live-in" shifts - which is currently being litigated in the State Court system, and 3) Plaintiff's claims are subject to arbitration.

Therefore, in order to avoid the risks of further litigation, trial, and motion practice, the parties agreed to settle the case.

## ATTORNEY FEES

Courts typically approve Plaintiff's attorneys to recover one-third of the settlement amount. *ANTONIO ALONSO, Plaintiff, v. LE BILBOQUET NY, LLC, et al., Defendants.*, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted).

Accordingly, the settlement agreement provides that Plaintiff's counsel will recover $9,480, equaling $470 in costs ($400 filing fee and $70 for process service) deducted from the $27,500.00 settlement amount and one-third of the remainder $27,030 which equals $9,010. To date Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date, for a Plaintiff confronted with "take nothing" defenses under the FLSA and NYLL, with the fee wholly contingent upon the result achieved.

## **THE SETTLEMENT SHOULD BE APPROVED**

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.:*

> When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers whether the agreement reflects a reasonable compromise of disputed issues

---

[2] Defendant also disputes this position, factually and legally. *See Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*, 2017 U.S. Dist. LEXIS 75286 (E.D.N.Y. May 17, 2017).

[3] If Plaintiff does not amend her complaint, Plaintiff would be entitled to recover a maximum of $2,337.60 in wages (40 weeks times 12 overtime hours per work week times a $4.87 overtime rate of pay).

> [rather] than a mere waiver of statutory rights brought about by an employers overreaching. In the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. July 2, 2013) (Garaufis, J) (citations and internal quotation marks omitted); *see also. e.g.. Calle. et al. v. Elite Specialty Coatings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 21, 2014) (evaluating and approving a settlement using the above factors as well as comparing the settlement amount to counsel's lodestar); *Jn re Penthouse Executive Cluh Comp. Litig.,* No. 10 Civ. 1145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. Jan. 14, 2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54 (IIth Cir. 1982) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11 Civ. 7679 (CM), *et al,* 2013 WL 4830949, at *JO (S.D.N.Y. Sept. 10, 2013) (citing *Johnson v. Brennan,* No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011); *Lynn's Food Stores,* 679 F.2d at 1353-54) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 12 Civ. 3693 (PGG), 2013 WL 5492998, at *7 (S.D.N.Y. Oct. 2, 2013) (citing *Lynn's Food Stores,* 679 F.2d at 1354; *McMahon v. Olivier Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010)) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved."): *Diaz v. Scores Holding Co., Inc.,* No. 07 Civ. 8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement".) (citations omitted); *Hens v. Clientlogic Operating CmlJ.,* No. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (approving FLSA – not Rule 23 – settlement where the proposed settlement resolved contested litigation in a *bona fide* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienced counsel).

Based on the above, the proposed settlement, which provides for a payout of $27,500.00 and was the result of hard fought and arm's-length negotiations between experienced counsel, is fair and should be approved. Further litigation will require both parties to invest substantial time and expenses. While Plaintiff believes she will ultimately prevail on her claims, she acknowledges that she faces risks in further litigation. Based on the above, the $27,500.00 settlement falls within

the range of reasonableness in light of the best possible recovery and all the risks of litigation, and should be approved. *See, e.g.. Calle,* 2014 WL 6621081, at *3-4 (declaring the settlement agreement fair and reasonable and approving it); *Serebryakov,* 2013 WL 3364393, at *I (adopting Magistrate Judge's Report and Recommendation to approve FLSA settlement); *Peralta v. Allied Contracting II C01p.,* No. 09 Civ. 953 (NGG)(RER), 201 1 WL 3625501, at *I (E.D.N.Y. Aug. 17, 2011) (same).

Dated: August 8, 2017                                    Naydenskiy Law Group, P.C.
                                                        _____s/_____
                                                        Gennadiy Naydenskiy
                                                        1517 Voorhies Ave, 2nd Fl.
                                                        Brooklyn, New York 11235
                                                        (718) 808-2224
                                                        naydenskiylaw@gmail.com
                                                        *Attorney for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ANNA HUTNIKOVA, *individually and on
behalf of others similarly situated,*

                    Plaintiff,

           -against-

CARING PROFESSIONALS, INC.

                  Defendant.

----------------------------------------------------------------X

Civ. No.:  16-cv-06913-PKC-ST

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

CARING PROFESSIONALS, INC. (the "Defendant"), and ANNA HUTNIKOVA (the "Plaintiff") (collectively the "Parties"), agree that:

1.    **Consideration**. In consideration for Plaintiff signing this Settlement Agreement and General Release (the "Agreement"), and complying with the terms and conditions herein, Defendant agrees to pay Plaintiff and her counsel the total amount of Twenty Seven Thousand Five Hundred Dollars and No Cents ($27,500.00) (the "Settlement Payment") in accordance with the below. Defendant agrees to make the Settlement Payment and provide additional consideration as set forth herein (provided Plaintiff does not revoke her acceptance of the Agreement during the seven (7) calendar revocation period described in Paragraph 10 below and provided Plaintiff does not violate the terms of this Agreement) after the latest of (1) the date Defendant receive an original of this Agreement signed by Plaintiff; and, (2) the date the Court approves the settlement, whether by signing the Stipulation dismissing this case as discussed in Paragraph 16 below or by separate order ("Dismissal"), as follows:

a.    **Attorneys' Fees**. Within ten (10) business days of Dismissal, a check payable to Naydenskiy Law Group, P.C. (Tax ID No. 47-1946250) in the amount of Nine Thousand Four Hundred Eighty Dollars ($9,480.00), representing attorneys' fees and costs, for which Forms 1099 will be issued to Plaintiff and also to her counsel Naydenskiy Law Group, P.C.;

b.    Within ten (10) business days of Dismissal, a check payable to the Plaintiff, Anna Hutnikova, totaling the gross amount of Nine Thousand Ten Dollars ($9,010.00), less withholdings based on the Form W-4 for Plaintiff on file with Defendant, representing alleged back-wages, for which Plaintiff shall receive a Form W-2;

c.    Within ten (10) business days of Dismissal, a check payable to Plaintiff, Anna Hutnikova, totaling the gross amount of Nine Thousand Ten Dollars ($9,010.00), without withholding, representing alleged liquidated damages and interest, for which payment Plaintiff shall receive a Form 1099. Plaintiff agrees to indemnify Releasees (as defined below) and to hold them harmless for their share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to her via Form 1099 pursuant to the Agreement;

d.    The payments shall be sent to Plaintiff's counsel, who shall be responsible for distribution of such payments.

2

2. **General Releases, Claims Not Released and Related Provisions**.

a. **General Release of All Claims by Plaintiff**.    Plaintiff, in consideration of the payments set forth in this Agreement, knowingly and voluntarily releases and forever discharges Defendant Caring Professionals, Inc., and any and all parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, in their respective capacity as such, and all employee benefit plans and programs and their administrators and fiduciaries, in their respective capacity as such, (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all actions, causes of action, claims, and demands, whether known or unknown, asserted or unasserted, whether statutory or common law, whether federal, state, local, or otherwise related to or arising out of any aspect of Plaintiff's employment with Defendant, any agreement concerning such employment, or the termination of such employment, which the Plaintiff has or may have against Releasees in any forum as of the date of execution of this Agreement, arising out of, or in any way connected with, Plaintiffs' claims under:

- The Fair Labor Standards Act (FLSA);

- The New York State Labor Law;

- The New York wage, wage theft, wage payment and wage–hour laws;

- The National Labor Relations Act;

- Title VII of the Civil Rights Act of 1964;

- The Civil Rights Act of 1991

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974;

3

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Equal Pay Act;

- The Family and Medical Leave Act;

- The Fair Credit Reporting Act;

- The Age Discrimination in Employment Act of 1967;

- The Sarbanes-Oxley Act of 2002;

- The Workers Adjustment and Retraining Notification Act;

- The Occupational Safety and Health Act;

- The New York State Executive Law (including its Human Rights Law);

- The New York City Administrative Code (including its Human Rights Law);

- The New York Civil Rights Law;

- The New York Minimum Wage Law and all wage orders;

- Any amendment to the foregoing statutes;

- Any other federal, state or local human rights, whistleblower, retaliation, discrimination, bias, civil rights, benefits, pension, labor or any other federal, state or local law, rule regulation, or ordinance of any kind;

- Any benefit plan, compensation plan, severance plan or any other policy, plan, practice, procedure or program of any kind;

4

- Any public policy, contract (whether oral or written, express or implied), collective bargaining agreement, tort (whether intentional, negligent or otherwise), common law or other claim;

- Any claim for costs, fees, or other expenses including attorneys' fees.

b.    **Governmental Agencies**. Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies and all monies paid hereunder shall be set-off in full against any relief or recovery based on claims having the same factual predicates as those released pursuant to section 2(a) above;

c.    **Collective/Class Action Waiver**. If any claim is not subject to release therein, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action, grievance or proceeding based on such a claim in which Defendant or any Releasee identified in this Agreement is a party and all monies paid hereunder shall be set-off in full against any relief or recovery of any kind without apportionment; and,

d.    **General Release of Claims by Defendant.** Defendant, in consideration of Plaintiff's comprehensive General Release of Claims as set forth in this Agreement and for other promises and covenants contained in the Agreement, knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all actions, causes of

action, claims, and demands whatsoever, known and unknown, asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, which Defendant has or may have against Plaintiff as of the date of the execution of the Agreement, including, but not limited to claims arising under all Federal, State and local statutes, regulations, decisional law and ordinance.

3.    **Non-Publicity.**  Except as otherwise required by law, Plaintiff agrees to refrain from directly or indirectly making any comments, performing any acts, engaging in publicity or any other action or activity which are critical, disparaging, derogatory or that may tend to injure the business or reputation of the Releasees, including publicizing this Agreement. Reciprocally, Defendant agrees that its owners, executive management and human resources personnel will not make any comments or perform any acts, directly or indirectly, that are critical, disparaging, derogatory or that may tend to injure the business or reputation of Plaintiff.  Nothing in this Paragraph 3 shall be read to preclude either Party from making truthful statements.

4.    **Acknowledgments and Affirmations**.

a.    Plaintiff affirms that she has not filed or caused to be filed any other claim, grievance or arbitration against Defendant and presently is a party solely to this lawsuit (*Anna Hutnikova v. Caring Professionals, Inc.*, E.D.N.Y. Case Number 16-CV-06913, the "Litigation");

b.    Plaintiff affirms that she will not, at any point from the date this Agreement is fully executed and going forward, institute a claim or lawsuit of any kind against Defendant for claims arising out of, or in any way connected with, Plaintiff's claims asserted in the Litigation;

c.    Plaintiff affirms that, while employed she never made any report of and thus was not retaliated against for reporting any allegations of wrongdoing by Defendant, and/or its

6

officers, including any allegations of corporate fraud, having not made any such report while employed other than the filing of this Lawsuit;

d.    As a result of this settlement and the consideration provided to Plaintiff hereunder, Plaintiff admits and confirms that she: (i) has been paid and has received all bonuses, payments, commissions, severance and benefits to which she may be entitled from Defendant and that no leave (paid or unpaid) or other compensation is due to her from Defendant; (ii) has been paid in full for all hours allegedly worked; (iii) has been paid for all alleged attorneys' fees and other relief to which she may be entitled; (iv) understands that the consideration set forth in paragraph 1 of this Agreement shall not be considered wages for purposes of pension or any other employment related benefits; and, (v) is not entitled to any monies, relief or recovery whatsoever, except as set forth in paragraph 1 of this Agreement;

e.    Plaintiff affirms she has no known workplace injuries or occupational diseases and knows of no basis to make any claim for workers' compensation benefits; and,

f.    Plaintiff affirms she is not a Medicare or Medicaid beneficiary as of the date of this Agreement and no conditional payments have been made by Medicare or Medicaid.

5.    **Governing Law and Interpretation**.    This Agreement and General Release shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.    In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach.    Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the parties authorize the court to interpret or modify the clause(s) to be enforceable.    If that cannot be done, then such

7

provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6.      **Jurisdiction**. The parties agree that the United States District Court, Eastern District of New York shall retain jurisdiction for all purposes. The parties agree to re-open the case if Defendants fail to disburse any check as described in Paragraph 1.

7.      **Nonadmission of Wrongdoing**.   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8.      **Amendment**.   Except as set forth above, this Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

9.      **Entire Agreement**.   This Agreement sets forth the entire agreement between the Parties hereto, fully supersedes any prior agreements or understandings between the Parties and satisfies all obligations of Defendant to Plaintiff.

10.      **Revocation**.   Plaintiff may revoke this Agreement during the seven (7) calendar days following the day of execution of this Agreement. Any revocation within this period must be submitted, in writing, to counsel for Defendant, Jackson Lewis, P.C., Attn: Noel P. Tripp, Esq., 58 South Service Road, Suite 250, Melville, NY 11747 and state, "I hereby revoke my acceptance of our Agreement and General Release." The revocation must personally be delivered to Mr. Tripp or his designee, or mailed to Mr. Tripp and postmarked within seven (7) calendar days of his execution of this Agreement. If the last day of the revocation period is a Saturday,

8

Sunday, or legal holiday in New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday. No payment is due by Defendant until this period expires and confirmation of the absence of revocation is received.

11.    **No Waiver**. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

12.    **Section Headings**. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

13.    **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

14.    **Capability to Waive Claims.** Plaintiff is competent to enter into a knowing and voluntary general and unlimited release of all claims. Plaintiff is not affected or impaired by illness, use of alcohol, drugs or other substances and is not otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair her right to settle, waiver and release all claims.

15.    **Representation.** Plaintiff's counsel affirms he and his firm currently do represent, and at present time intend only to represent Plaintiff Anna Hutnikova, and not any other current or former employees of any Releasee. Plaintiff's counsel affirms he and his firm do not represent any individual(s) other than the foregoing individual who, upon counsel's information

9

and belief, may have a claim against any Releasee. Plaintiff and counsel for Plaintiff shall not directly solicit any current or former employees of any Releasee to bring any claim(s) against Releasees.

16.    **Procedure.** After the Negotiated Settlement Agreement and the Stipulation and Order of Dismissal attached hereto as Exhibit "A" fully are executed by the Parties and their counsel, the Parties will jointly submit the Negotiated Settlement Agreement and Stipulation and Order of Dismissal to the Court for the Court's consideration and approval via letter or other means, to be filed with the Court.

PLAINTIFF IS ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND CONFIRM THAT SHE HAS DONE SO AND IS SATISFIED WITH THE ADVICE OF HER COUNSEL, GENNADIY NAYDENSKIY, ESQ., OF NAYDENSKIY LAW GROUP, P.C.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER COUNSEL, GENNADIY NAYDENSKIY, ESQ., ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAVE OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

Dated: 08/04/17, 2017                    By: _Anna Hutnikova_
                                              ANNA HUTNIKOVA

                                         CARING PROFESSIONALS, INC.

10

Dated: _____, 2017          By: _____

                                Title: ___Pr esident_____

**As to Paragraph 15 only:**

Dated: ___8/4____, 2017

                                _____
                                **GENNADIY NAYDENSKIY, ESQ.**

11

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------x

ANNA HUTNIKOVA, *individually and on behalf of others similarly situated*,

Plaintiff,

-against-

CARING PROFESSIONALS, INC.

Defendant.

Civ. No.:  16-cv-06913-PKC-ST

---------------------------------------------------------------------------x

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY ORDERED that: that the Settlement Agreement and General Release in this matter having been reviewed by the Court and found to be fair and reasonable that (1) the Settlement Agreement and General Release, including the release of all claims, should be and is approved; and (2) Plaintiff's claims, which were the subject of a *bona fide* dispute, are hereby dismissed with prejudice.

NAYDENSKIY LAW GROUP, P.C.
*ATTORNEYS FOR PLAINTIFF*
1517 Voorhies Ave., 2nd Fl.
Brooklyn, New York  11235
(800) 789-9396

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Rd., Ste. 250
Melville, New York  11747
(631) 247-0404


By: _____
        GENNADIY NAYDENSKIY, ESQ.

By: _____
        NOEL P. TRIPP, ESQ.


Dated: _____

Dated: _____


SO ORDERED on this __ day of _____, 2017


_____
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ANNA HUTNIKOVA, *individually and on behalf of others similarly situated*,

Plaintiff,

-against-                                    Civ. No.: 16-cv-06913-PKC-ST

CARING PROFESSIONALS, INC.

Defendant.

---------------------------------------------------------------X

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY ORDERED that: that the Settlement Agreement and General Release in this matter

having been reviewed by the Court and found to be fair and reasonable that (1) the Settlement

Agreement and General Release, including the release of all claims, should be and is approved;

and (2) Plaintiff's claims, which were the subject of a *bona fide* dispute, are hereby dismissed with

prejudice.

NAYDENSKIY LAW GROUP, P.C.              JACKSON LEWIS P.C.
*ATTORNEYS FOR PLAINTIFF*               *ATTORNEYS FOR DEFENDANT*
1517 Voorhies Ave., 2nd Fl.             58 South Service Rd., Ste. 250
Brooklyn, New York 11235                Melville, New York 11747
(800) 789-9396                          (631) 247-0404


By: _____          By: _____
    GENNADIY NAYDENSKIY, ESQ.              NOEL P. TRIPP, ESQ.


Dated: ___8/4/17___                     Dated: ___8/7/17___


SO ORDERED on this __ day of _____, 2017


_____
United States District Judge

4840-9420-3978, v. 1